## Case No. 5,687.

### The GRANITE STATE.

[1 Spr. 277.] [1]

District Court, D. Massachusetts.   Jan. 1855.

MARITIME LIEN—MORTGAGE—PRIORITY.

1. A lien for supplies or repairs, upon a vessel under mortgage, and in possession of the mortgagor, is valid, and will be enforced after the possession is transferred to the mortgagee.
[Cited in The Norfolk, Case No. 10,297; Reeder v. The George's Creek, Id. 11,654; The Theodore Perry, Id. 13,879; The Trenton, 4 Fed. 659; The Guiding Star, 9 Fed. 524; The Charlotte Vanderbilt, 19 Fed. 220; The Young America, 30 Fed. 797.]
[Cited in Donnell v. The Starlight, 103 Mass. 233; Dunklee v. Crane, Id. 471; Jones v. Keen, 115 Mass. 181; Oliver v. Woodman, 66 Me. 58; Hammond v. Danielson, 126 Mass. 296; Smith v. Stevens, 36 Minn. 304, 31 N. W. 55.]

2. And this is true, notwithstanding the possession may have been given to the mortgagee, by a decree of a court of admiralty, in a suit for possession.

This was a suit in rem, promoted by James Reeder, Jr., of Baltimore, for repairs and materials furnished to the vessel in Baltimore, in September last. Richard F. Loper, of Philadelphia, intervened for his interest, as owner. The defence was, that at the time the supplies were furnished the vessel, she was mortgaged to the claimant, for her full value; and that after the supplies were furnished, and before this suit was brought, the vessel had been decreed by this court to him, upon a suit in rem, for possession, for condition broken.

R. H. Dana, Jr., for libellant.

L. Saltonstall, for respondent.

SPRAGUE, District Judge. A sale of a vessel by a decree in rem, in admiralty, gives a perfect title to the purchaser, and the holders of liens are remitted to the funds in the registry, which are substituted for the vessel. But the decree relied upon was not for a sale of the vessel. It only gave possession to the mortgagee. It did not even pass upon the general title. In a mere suit of possession, holders of liens are not required to come in and defend; nor is it apparent what defence to the transfer of possession could be made by them, if they were to intervene. The decree, therefore, does not bar the libellant.

It is contended, that the claim of the mortgagee, being prior in time to that of the libellant, and being duly recorded, must override it. But this is not a contest for priority between holders of liens. The mortgagee holds a title to the vessel, and is, ordinarily, unless by his own agreement to the contrary, entitled to possession. If he leaves the vessel in the possession and control of the mortgagor, the necessary repairs and supplies being for the benefit of the vessel, may be for the benefit of the mortgagee, as well as of the mortgagor. It would, moreover, deprive liens founded on the necessities of vessels abroad, of nearly all their value, if they were to be displaced by mortgage titles. Decree for the libellant, $139.78, and costs.

It has since been decided by the supreme court, in The John Jay, 17 How. [58 U. S.] 401, that courts of admiralty have no jurisdiction over questions of property, between the mortgagor and mortgagee of a vessel. See, also, The Angelique, 19 How. [60 U. S.] 240. Before these cases, this jurisdiction had been exercised both in Massachusetts and the Eastern district of Pennsylvania; but the cases were not published. It is now exercised by the court of admiralty in England, by St. 3 & 4 Vict. c. 65.