STEPHEN HAMMOND *vs.* GUSTOF DANIELSON & another.

Suffolk.   Nov. 16, 1877. — Feb. 25, 1879.   COLT & AMES, JJ., absent.

A hack, described as in use at certain stables, was mortgaged, and, by the terms of the mortgage, the mortgagor was to retain possession, and use and enjoy the same until default. While so in possession, the mortgagor had it repaired. *Held*, that the person making the repairs had a lien therefor as against the mortgagee.

REPLEVIN of a hack. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court on appeal, on agreed facts, in substance as follows:

On January 23, Edward Brackett, the owner of the hack in question, executed and delivered the following mortgage to the plaintiff:

"Know all men by these presents, that I, Edward Brackett, of Boston, in the county of Suffolk, in consideration of five hundred dollars paid by Stephen Hammond of Boston, aforesaid, the receipt whereof is hereby acknowledged, do hereby grant, sell, transfer and deliver unto the said Stephen the following goods and chattels, namely, one hack, built by Hall, now in use at the American Stables, Sudbury Street, Boston, and numbered 277. To have and to hold all and singular the said goods and chattels to the said Stephen Hammond and his executors, administrators and assigns, to their own use and behoof forever. And I hereby covenant with the grantee that I am the lawful owner of the said goods and chattels; that they are free from all incumbrances; that I have good right to sell the same as aforesaid; and that I will warrant and defend the same against the lawful claims and demands of all persons. Provided, nevertheless, that if the grantor or his executors, administrators or assigns shall pay unto the grantee or his executors, administrators or assigns the sum of five hundred dollars in two years from this date, with interest semiannually at the rate of six per cent. per annum, and until such payment shall not waste or destroy the same, nor suffer them or any part thereof to be attached on mesne process, and shall not, except with the consent in writing of the grantee or his representatives, attempt to sell the same or any part thereof, then this deed, as also a note of even date herewith, signed by Edward Brackett, whereby he promises to pay to the grantee or order the said sum and interest at the times aforesaid, shall both be void. And it is agreed that, until default in the performance of the condition of this deed, the grantor and his executors, administrators and assigns may retain possession of the above-mortgaged property and may use and enjoy the same. In witness whereof I hereunto set my hand and seal, and affix and cancel the stamp required by law, this twenty-third day of January in the year one thousand eight hundred and seventy-three."

This mortgage was duly recorded on January 30, 1873. Agreeably to the terms of the mortgage, Brackett retained possession of and used the hack, and in May or June 1875 took the same to the defendants, who made certain repairs thereon; for which repairs, Brackett having failed to pay the same, the defendants claim to have a lien on the hack. The defendants had no knowl-

edge of the mortgage except what may be legally presumed from the mortgage being recorded. The plaintiff, the mortgage having become due and not being paid, made a demand on the defendants for the hack, showing them his mortgage, and claiming the hack as mortgagee. The defendants refused to pay the mortgage or give up the hack, unless their claim for repairs was paid.

*S. A. Bolster*, for the plaintiff.

*D. F. Fitz*, for the defendants.

GRAY, C. J. A lien on personal property cannot indeed be created without authority of the owner. *Hollingsworth* v. *Dow*, 19 Pick. 228. *Globe Works* v. *Wright*, 106 Mass. 207. But in the present case such an authority must be implied from the facts agreed. The subject of the mortgage is a hack, that is to say, a carriage let for hire; described in the mortgage as "now in use" at certain stables; and which, as the parties have agreed in the case stated, the mortgagor retained possession of and used agreeably to the terms of the mortgage. It was the manifest intention of the parties that the hack should continue to be driven for hire, and should be kept in a proper state of repair for that purpose, not merely for the benefit of the mortgagee, but for that of the mortgagor also, by preserving the value of the security and affording a means of earning wherewithal to pay off the mortgage debt. The case is analogous to those in which courts of common law, as well as of admiralty, have held, upon general principles, independently of any provision of statute, that liens for repairs made by mechanics upon vessels in their possession take precedence of prior mortgages. *Williams* v. *Allsup*, 10 C. B. (N. S.) 417. *The Scio*, L. R. 1 Adm. & Eccl. 353, 355. *The Granite State*, 1 Sprague, 277. *Donnell* v. *The Starlight*, 103 Mass. 227, 233. *The St. Joseph*, 1 Brown Adm. 202.

*Judgment affirmed.*