## THE CHARLOTTE ·VANDERBILT.

*( District Court, S. D. New York. January 4, 1884.*

**SHIPPING—SUPPLIES—MARITIME LIEN—MORTGAGE—PRIORITY—SECTION 4192.**
For necessary supplies furnished a vessel in a state not that of her owner's residence, a maritime lien presumptively arises, and this lien will take precedence of a prior mortgage, duly registered, under section 4192 of the Revised Statutes. The mortgagee, by assenting to the use and possession of the vessel by the mortgagor for the purposes of navigation, without restriction, assents by implication to the creation of such maritime liens as by law arise incidentally in the ordinary business of the ship.

This libel was filed to recover a balance of $468.30, with interest, for coal furnished to the steam-boat Charlotte Vanderbilt, at Philadelphia, in July and August, 1880. The steam-boat was at that time owned by a New Jersey corporation, which purchased the boat on May 10, 1880, and gave a consideration mortgage of $25,500 to secure various promissory notes for the purchase price. The mortgage was duly recorded in the New York custom-house, and also in the custom-house at Camden, New Jersey, where the vessel was also enrolled by the corporation purchaser. The mortgage provided that the mortgagees should have possession of the ship until a default in its terms, and that, upon such default, the mortgagee might take possession. The bill of supplies for coal was incurred while the mortgagor was in possession and running the steam-boat, and before any default in the mortgage. This libel was filed on the second of September, 1880. On the thirtieth of August prior thereto, the mortgagee took possession of the steam-boat for a default in the terms of the mortgage, and advertised her for sale on the fifteenth of September, when she was sold for $12,000, the mortgagee having intervened as claimant in this suit, and given the usual bond for the release of the vessel.

*Marsh, Wilson & Wallis,* for libelants.

*Ten Broeck & Van Orden,* for claimant.

BROWN, J. The boat in question was running as an excursion boat. The coal was furnished upon 22 different days, and was evidently necessary for the prosecution of her voyages. Being furnished in the port of another state from that of her owner's residence, under the ordinary maritime law of this country, the coal was presumptively furnished upon the credit of the ship as well as of her owners; and the testimony corroborates this fact. The libelants acquired, therefore, presumptively, a maritime lien upon the vessel for the coal thus supplied. *The Neversink,* 5 Blatchf. 539; *The Lulu,* 10 Wall. 192; *The Eliza Jane,* 1 Spr. 152; *The New Champion,* 17 FED. REP. 816, and cases cited.

It is urged that as the mortgage was duly recorded, as required by section 4192 of the Revised Statutes, prior to the time when these

supplies were furnished, the mortgage was a notice to all persons; and the mortgagees contend that all ports of the country, as regards them, were home ports, and that no lien could be thereafter acquired against them which would take precedence of the mortgage.    The section of the Revised Statutes in question gives constructive notice to all persons of the existence of the mortgage.    That its purpose is, however, only to give such constructive notice, is apparent from its excepting persons who have actual notice thereof from the effect of its provisions.    In providing, as this mortgage did, that the mortgagor might have the possession and use of the vessel for the purposes of navigation, without restriction, the mortgagee necessarily assented by implication to the creation of such maritime charges and liens on the vessel as by law arise incidentally in the course of the business and navigation to which the mortgagee assented; and maritime liens for supplies thus arising take precedence, therefore, of the prior mortgage.    That rule was laid down in this district in the case of *The E. M. McChesney*, 8 Ben. 150, and the same rule has been elsewhere sustained.    *The Granite State*, 1 Spr. 277; *The Henrich Hudson*, 7 L. R. (N. S.) 93.    See, also, *The Lulu*, 10 Wall. 192, 193; *The May Queen*, 1 Spr. 588.

The libelant is entitled to a decree for $582.75, with costs.