[No. 13903.   Department One.   April 13, 1917.]

Meyer Levitch, *Appellant*, v. Egbert Link *et al.*,
*Respondents.*[1]

Chattel Mortgages—Lien—Priority—Animals—Agister's Lien.
The lien of a chattel mortgage is superior to the subsequent lien of
an agister, in view of Rem. Code, § 3660, which provides that a chat-
tel mortgage shall be void as against all creditors of the mortgagor,
both existing and subsequent, etc., unless it is acknowledged and
accompanied by an affidavit of good faith, the effect of the statute
being to make such instruments valid as against any subsequently
asserted liens.

Appeal from a judgment of the superior court for Spo-
kane county, Blake, J., entered November 22, 1916, upon
findings in favor of the defendants, in an action to foreclose a
chattel mortgage, tried to the court.   Reversed.

*F. A. McMaster*, for appellant.

*Harry M. Morey*, for respondents.

Chadwick, J.—The question in this case is whether a chat-
tel mortgage, prior in time, outranks a livery-stable keeper's
lien subsequently acquired.   Respondents admit the general
rule but claim the benefit of the exceptions noted in 25 Cyc.
1509 and 1510:

"By the weight of authority the lien of the livery-stable
keeper on a horse kept by him is, in the absence of legislative
intent to the contrary, subordinate to the lien of a prior re-

[1]Reported in 164 Pac. 233.

corded mortgage, unless the horse be delivered to the livery-stable keeper with the consent of the owner, express or implied."

It is first insisted that the statute, Rem. Code, Title VIII, Ch. XI, §§ 1197, 1199, indicates a legislative intent to make a livery-stable keeper's lien superior to an existing chattel mortgage in that the statute creates the lien and authorizes a retention of possession until the lien has been paid, and summary satisfaction of the charge by notice and sale without the formality of a proceeding in court.

It is further insisted that this court has, by implication at least, held that a lien of the character here asserted is a superior lien. *National City Bank v. Henderson*, 59 Wash. 354, 109 Pac. 1038, is relied on. The question there decided was whether an agister who claimed under a statute passed after the lien of a chattel mortgage had attached could assert the priority of his lien. The court held that, inasmuch as his right to a lien at all was statutory, the statute under which it was asserted would not be held to be retroactive so as to destroy the lien of a prior chattel mortgage. The court did not assume to pass upon the rights of lien holders who claim under statutes of equal standing, or to say that, notwithstanding one was later in time, he should be the first in right because of implied notice, or because of some equity in favor of the stable-keeper.

The trial judge rested his decision upon his conception of the court's holding in the *National City Bank* case. By quoting from the case of *Case v. Allen*, 21 Kan. *217, 30 Am. Rep. 425, the court may have inadvertently given ground for the inference that, if it were not for the difference in time which would make the statute sustaining the lien retroactive, the agister's lien would have been given preference. But we think the court had no such intention. It was possible to affirm the case upon substantial reason without going into the question of priorities. The Kansas case is explained by the writer of the opinion. At any rate, his idea of the mean-

ing of the quotation from the Kansas case (see *National City Bank v. Henderson, supra*, p. 357), may be gathered from the following words:

"It evidently meant that he consented to the priority of the lien which was already provided for by statute, and that there was no intention on the part of the court to announce the doctrine that an act of the legislature, subsequent to the execution of a contract, could have force and effect to change the terms of the contract, to the injury of either of the contracting parties."

Whether the distinction made by the supreme court of Kansas between a lien founded in contract and one created by statute is sound, may be doubted, but we are not called upon to solve the doubt. Our chattel mortgage act (Rem. Code, § 3660) by its terms makes a chattel mortgage "void as against all creditors of the mortgagor, both existing and subsequent, whether or not they have or claim a lien upon such property, and against all subsequent purchasers" etc., unless it is accompanied by the statutory affidavit and is acknowledged. The effect of this statute is to make such instruments valid as against any subsequently asserted lien. The language employed to effectuate this purpose is as apt as if it were provided that such instruments should be preferred over any subsequent lien of whatever character. The Kansas statute, at the time the decision in *Case v. Allen, supra*, was announced, did not provide a way for making a chattel mortgage secure and valid against one claiming "a lien upon such property." It took account only of "creditors," "subsequent purchasers" and "mortgagees." Laws of Kansas, 1876, p. 542.

While the *National City Bank* case does not discuss the question at bar, it does say that the lien of an agister or livery-stable keeper is "purely statutory." When this is said this case is disposed of. The statute (Rem. Code, Title VIII, Ch. XI, §§ 1197-1200) makes no exception in favor of the liens therein created although the legislature might

have so provided, as indeed it did so provide in the chapter giving a lien upon farm products for labor performed in the rearing or saving of crops. Such liens are made "prior to all other liens." Rem. Code, § 1188.

To hold that respondents' lien is superior to the appellant's chattel mortgage would be to go further than to merely hold that such priority is implied in the lien statute. We must, to accomplish the desired result, hold that the entirely independent statute, which defines the character of the chattel mortgage lien, is repealed, in so far as agisters' and livery-stable keeper's liens are concerned, by implication.

The principle governing this case was considered by us in the case of *Rothweiler v. Winton Motor Car Co.*, 92 Wash. 215, 158 Pac. 737. In that case the lienor asserted a right under Rem. Code, Title VIII, ch. V, §§ 1154-1158, giving a lien for labor and materials expended upon chattel property at the request of the owner. No priority was given over other liens. We held that the priority of the mortgage lien was not overcome; and that, having the opportunity to declare priorities, the legislature intended no such consequence, "otherwise it would have made a reservation in favor of subsequent liens of the character now asserted."

Reversed and remanded with instructions to enter a decree protecting the liens of the parties in their order, the first in time being the first in right.

ELLIS, C. J., MAIN, and WEBSTER, JJ., concur.