10339

R. H. NESBITT AUTO CO. v. WHITLOCK *ET AL.*
SAME v. NORRIS *ET AL.*

(101 S. E. 822.)

CHATTEL MORTGAGE—MORTGAGE HAS PRIORITY OVER LIEN OF MECHANIC
FOR REPAIRS SUBSTANTIALLY MADE.—Under Civ. Code 1912, sec. 3542,
making a recorded mortgage valid as against subsequent creditors,
the lien of a recorded mortgage is prior to that of a mechanic for
repairs subsequently made, notwithstanding Acts 1912, p. 624, author-
izing machanics making repairs to sell the property, as this only pro-
vides a method of enforcing the lien and creates no new lien.

Before SHIPP, J., Union, —— term, ——. Affirmed.

Two actions by the R. H. Nesbitt Auto Company against
D. J. Whitlock and others, and D. A. Norris and others.
Judgment for plaintiff in each action, and defendants appeal.

*Messrs. Cornelius Otts* and *C. Yates Brown,* for appel-
lants, submit: *That a mechanic's lien for repairs is superior
to the purchase money mortgage, although the latter has
been duly recorded:* Sec. 2614, vol. I, Code of Laws 1912,
as amended by act of 1912, p. 624; section 4115, vol. I,
Code of Laws 1912, citing sections 4113 and 4114. *Analy-
sis of common law rule and cases interpreting similar stat-
utes:* 3 R. C. L., 44 N. J. L. 109; 43 Am. Rep. 347, 350;
21 N. Y. Sup. 264; 74 N. W. (Neb.) 966; 126 Mass. 294;
73 N. J. L. 216; 62 Atl. 998; 55 N. J. L. 324; 26 Atl. 964;
20 L. R. A. 719, and note; 131 Tenn. 173; 174 S. W. 273;
Ann. Cas. 1916a, 626; 17 R. C. L. 609; 169 Pac. 1033,
1035; 18 S. W. 51; 67 So. 659; 148 N. W. 654; L. R. A.
1915d, 1149; 137 Ga. 154; 73 S. E. 511 (distinguished).

*Messrs. Lyles, Drummond & Daniel,* for respondent, sub-
mit: *Purchase money mortgage has priority over the subse-
quently. made repair bill:* Code 1912, vol. I, sec. 3542. *In
the absence of authority from the mortgagee to procure work
done on personal property, a common law lien on the prop-
erty for such work done at the request of the mortgagor is*

subordinate to the lien of a prior chattel mortgage, if the lien claimant had notice, either actual or constructive, of the prior mortgage: (Ga.) 38 L. R. A. (N. S.) 97; 73 S. E. 511; (Tenn.) L. R. A. 1915d, 1141; 174 S. W. 273; (Mich.) 41 Am. Rep. 734; 11 N. W. 402; cases cited in note on pages 97 and 98 of 38 L. R. A. (N. S.); (N. D.) L. R. A. 1915d, p. 1150; (Miss.) L. R. A. 1915d, 1146.

January 26, 1920.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

These two cases were heard together. There is one question. The plaintiff sold two automobiles for part cash and part credit. The credit portion was secured by notes and mortgages of the machines. The machines were carried to appellants' repair shop for repairs. Neither the notes nor the account for repairs have been paid. The mortgagees demanded possession, which demand was refused, on the ground that the mechanic's lien for repairs is superior to the purchase money mortgage. That is the question presented in this case.

Authorities from other States are in conflict. There is no case in this State on the subject. The question must be determined by the statutes of this State.

Our recording acts provide that a recorded mortgage shall be valid so as to affect the right of subsequent creditors (whether lien creditors or simple contract creditors) or purchasers for value, etc. See Code 1912, sec. 3542.

This section gives to the mortgagee, whose mortgage was duly recorded, the prior lien and controls this case, unless it has been repealed or modified so as to make the lien of the repairman superior.

The appellant claims that this has been done and relies upon the Acts of 1912, p. 624. That act reads:

"Sec. 1379. It shall be lawful for any mechanic or owner and operator of repair shops of whatever kind or repair-

men who shall make repairs upon any article under contract for the same or furnish any material for such repairs, in this State, when property may be left at his shop for repairs, to sell the same at public outcry to the highest bidder after the expiration of sixty days from written notice to the owner of the property, that said repairs have been completed; and the same shall be sold by any magistrate of the county in which the work was done: *Provided,* That the said magistrate shall, before selling such property, advertise the same for at least fifteen days by posting a notice in three public places in his township. And he shall, after deducting all proper costs and commissions, pay to the claimant the money due to him, taking his receipt for the same, after which he shall deposit the said receipt, as well as the items of costs and commissions, with the remainder of the money or proceeds of the sale in the office of the clerk of the Court, subject to the order of the owner thereof, or his legal representatives."

A careful reading of that statute shows that it does not create a new lien. It only provides a method of enforcing an old lien and shortens the time within which the old lien might be enforced. The statute neither repeals nor modifies the recording acts. The sale is subject to the lien of the mortgage.

The case was tried before Judge Shipp. He sustained the priority of the recorded mortgage, and his judgment is affirmed.