THE WOLFMAN COMPANY, INC., Plaintiff, v. DAVID EISENBERG, FRANK FELDMAN and JOHN FELDMAN, Defendants.

(Municipal Court of the City of New York, Borough of Brooklyn, Sixth District, June, 1921.)

Liens — priority of garageman's lien over purchase money chattel mortgage — Lien Law, § 184.

Since the enactment of section 184 of the Lien Law there is no logical distinction between a garageman's lien for repairs to an automobile truck and his lien for storage and supplies, and the latter lien has priority over a purchase money chattel mortgage previously filed.

ACTION to foreclose a chattel mortgage.

Kornblueh & Hutter, for plaintiff.

Benjamin Fester, for defendants Feldman.

LAW, J. On April 19, 1920, the plaintiff sold to the defendant Eisenberg an automobile truck, and took back a purchase money chattel mortgage for $1,000, which was duly filed on the same day. On May 1, 1920, the defendant Eisenberg took the said truck to

Municipal Court of New York, June, 1921. [Vol. 116.

the garage of the defendants Feldman for storage. The defendants Feldman have a lien on said truck for storage and gasoline and oil amounting to $321.88. The chattel mortgage by its terms was to be paid in monthly installments of $100 beginning May 19, 1920. The defendant Eisenberg defaulted in the second payment due June 19, 1920, and in each and every payment thereafter. By the terms of the mortgage the entire balance of $900, with interest, became due upon default in the payment of June 19, 1920. The action is to foreclose the chattel mortgage. The sole question presented is as to which lien has priority.

It is not seriously disputed that a prior valid filed chattel mortgage is inferior to the garageman's lien for repairs made at the request or with the consent of the mortgagor. *Tucker* v. *Werner*, 2 Misc. Rep. 193; *Scott* v. *Delahunt*, 65 N. Y. 128. It is contended, however, that a different rule holds as to the garageman's lien for storage and for supplies such as gasoline and oil, and that in the latter case his lien is inferior to the lien of a prior valid filed mortgage.

It is true that the decisions are confusing and seemingly inconsistent. However, since the enactment of section 1 of chapter 315 of the Laws of 1908, consolidated in the Lien Law of 1909 as section 184, no logical distinction can be drawn between the garageman's lien for repairs and his lien for storage and supplies. Prior to the enactment of the above statute the two classes of lien were not embraced in precisely the same rule of law. At common law a person who made, altered, repaired or in any way enhanced the value of an article of personal property, at the request or with the consent of the owner, had a lien on such article, while lawfully in possession thereof, for his reasonable charges for the work done and material furnished and could retain possession thereof until such charges were paid. By section 70 of chapter 418 of the Laws of 1897 this common law

rule was declared in statutory form. It will be noted that neither the common law rule nor the statute of 1897 embraced any provision for a lien for storage, and, in fact, prior to the enactment in 1908 of the present statute a garageman had no lien, either statutory or at common law, for storage or supplies, unless under circumstances creating a warehouseman's lien. *Smith* v. *O'Brien,* 46 Misc. Rep. 325–328. Now, both classes of lien are consolidated in one single statutory provision and are treated exactly alike. The statute has wiped out the distinction drawn in such cases as *Tucker* v. *Werner,* 2 Misc. Rep. 193; *Storms* v. *Smith,* 137 Mass. 201, and *Scott* v. *Delahunt,* 65 N. Y. 128. I find no decision, rendered since the enactment in 1908 of the present statute, holding that the garageman's lien for storage and supplies is inferior to the lien of a prior filed chattel mortgage. Indeed, I think the decisions construing similar statutes quite uniformly uphold the contrary view.

In the case of *Barrett Mfg. Co.* v. *Van Ronk,* 212 N. Y. 90, the lien was claimed under section 183 of the Lien Law. The lienor's claim was not allowed as against the holder of the prior mortgage, solely because it appeared that no sum was due the lienor for keeping and caring for the particular article in question. But the superior right of the lienor as to any sum due for the keeping of the article upon which the lien is claimed is clearly recognized. In both section 183 and section 184 of the Lien Law, the authority of the mortgagor to make the agreement or give the consent is provided. At page 95 the court says: " The section 183 was in force when the plaintiff took its mortgage and, in so far as it touches the mortgage or the rights of plaintiff under it, it controls them. * * * Under the section Van Ronk had authority to enter into an agreement with Wheeler for

Municipal Court of New York, June, 1921.    [Vol. 116.

the storing and caring of the truck by Wheeler at an agreed charge or in the absence of any agreement in relation to the charge at a reasonable charge therefor. And such agreement and its performance would uphold the lien created by the section for the amount of such fixed or reasonable charge.'' Van Ronk was the mortgagor.

In the case of *Johanns* v. *Ficke,* 224 N. Y. 513, the same principle is held. Ficke held a valid and duly filed mortgage on the property. The plaintiff claimed a lien under section 183 for boarding horses and keeping trucks and harnesses. By arrangement between the mortgagor and Ficke the property was taken out of the plaintiff's possession without his consent. The plaintiff's lien was held not to have been lost by the removal of the property and was held superior to the lien of Ficke's mortgage. At page 521, the court says: '' Under the established law of this state the lien of the plaintiff was prior or superior to the rights of Ficke as mortgagee. (*Corning* v. *Ashley,* 51 Hun, 483; affd., on opinion below, 121 N. Y. 700; *Barrett Mfg. Co.* v. *Van Ronk,* 212 N. Y. 90.)'' The court then adds the dicta contained in the following sentence: '' It is true, however, that the weight of judicial opinion is that the lien of the stable keeper is not superior to the right created by a prior valid filed mortgage.'' I find myself unable to harmonize this dicta with the balance of the opinion or with the decision of the court. It immediately follows the citation as authority of the case of *Corning* v. *Ashley, supra.* In that case the plaintiff claimed a lien under chapter 145 of the Laws of 1880 and the court held that he had a lien superior to that of the holder of a prior mortgage. At page 485 (*Corning* v. *Ashley, supra*) the court says: '' In *Bissell* v. *Pearce* (28 N. Y. 252) it was held that a mortgagor could not, by his own

agreement, create a lien for the keeping of horses superior to the rights of the mortgage. But this present case rests on a different ground. The stat-ute creates the lien. That statute was in force when the mortgagee took his mortgage; he knew, or was chargeable with knowledge that the statute then gave to the agistor this lien, which would attach to any horses lawfully placed with him. It was intended to protect every agistor by giving him a lien. And Ashley could not by his mortgage deprive an agistor of the benefit of the statute. In a certain sense, it may be said that the provisions of the statute entered into the contract of mortgage.''

Thus in the instant case the statute (Lien Law, § 184) was in force when the plaintiff took its mort-gage. The plaintiff knew, or was chargeable with knowledge, that the statute then gave the garageman this lien which would attach to any automobile truck placed with him. It was intended to protect every keeper of a garage by giving him a lien. And the plaintiff could not by its mortgage deprive the keeper of the garage of the benefit of the statute. The parties to the mortgage at the time of execution thereof are presumed to have had the statute in con-templation and it is true that under well established rules of law the provisions of the statute entered into the contract of mortgage.

It may be added that the statute would seem to be a sensible recognition by the legislature of the fact that under modern conditions, particularly in the cen-ters of population where comparatively few own private garages, storage is as essential to the preser-vation of an automobile as are repairs, and that there is no sound reason for discrimination as to the protection to be afforded the garageman.

Judgment should decree that the defendants Feld-

man recover and be paid first out of the moneys now in the hands of the city marshal, in this action, $321.88, together with costs and disbursements as allowed and taxed, and that the plaintiff recover and be paid next therefrom the sum of $900 with interest from the 19th day of May, 1920.

Judgment accordingly.