PROVIDENCE BUICK COMPANY *vs.* ARTHUR S. PITTS *et al.*

APRIL 25, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Mortgages.   Liens.   Lien of Mechanic.*

At the time of the execution of a mortgage on an automobile, the mortgagee knew that mortgagor operated a garage equipped to make ordinary repairs. After the recording of the mortgage, mortgagor delivered the car to petitioner to repair.   The mortgage secured a demand note and it did not appear that the parties contemplated that the car should be used in the business of the mortgagor: —

*Held,* that there was nothing in the facts warranting the assumption that mortgagor had implied authority from the mortgagee to subject the property to a lien having priority over the mortgage.

PETITION under statute to impose a lien.   Heard and denied as to priority over mortgage.

RATHBUN, J.   This is a petition brought in accordance with the provisions of Section 24, Chapter 258, G. L. 1909, to establish and enforce a common law lien.

The petition alleges that the petitioner has a lien for repairs made on an automobile owned by the respondent and prays for an order of sale to satisfy the debt. Said automobile together with other personal property having been mortgaged by said Pitts, by a chattel mortgage duly recorded before said repairs were made, to the National Bank of Commerce to secure payment of a demand note, said bank was permitted to intervene and become a party respondent. The cause was heard by a justice of the Superior Court who ruled that Pitts as mortgagor in possession had an implied authority from the mortgagee to have repairs made on the automobile and to impose upon the automobile a lien for said repairs and that the lien obtained by the petitioner has a priority over the mortgage. A decree was entered establishing the petitioner's lien. The case is before us on the appeal of the bank from said decree.

At the time the mortgage was executed the bank knew that Pitts was a distributer of heavy duty motor trucks; that he operated a garage and automobile service station equipped to make ordinary repairs. The bank, until it commenced foreclosure proceedings, had no knowledge of the fact that the automobile had been delivered to the petitioner to be repaired, neither did the bank know that the automobile had, after the execution of the mortgage, been repaired by any person other than Pitts. Section 6 of Chapter 253, G. L. 1909, provides that chattel mortgages may be recorded. Section 7 of said Chapter is as follows: "Sec. 7. Such record or filing shall be constructive notice to all persons of the contents of such instruments and other the matters so recorded, so far as the same are genuine." The general rule is that "A mortgagor in possession has no power to create by contract a lien that shall have priority of a duly recorded mortgage." Jones on Chattel Mortgages, Sec. 472. It has been held that the facts in a given case may warrant the court in assuming that the mortgagee at the time the mortgage was executed must have known that a continued use of the property would necessitate repairs;

that repairs must be made by some person other than the mortgagor and that the mortgagee impliedly agreed that the mortgagor might, for the purpose of having the mortgaged property repaired, impose upon said property a lien which would be paramount to the mortgage.   The rule in admiralty was that a ship master may, for the purpose of obtaining repairs to a ship in a foreign port, impose upon the ship a mechanic's lien to take precedence over a mortgage lien.   This rule was so well established that it was said that a mortgagee of a vessel took the mortgage with a full understanding that his lien may become subordinate to a mechanic's lien for repairs on a vessel.   Consequently certain common law courts did not hesitate to adopt the admiralty rule when the question as to precedence between a mortgagee's lien and a mechanic's lien for repairs on a vessel arose.   Some courts have attempted to draw an analogy between a vessel and such vehicles as hacks, automobiles, etc.   In *Hammond* v. *Danielson*, 126 Mass. 294, a mechanic's lien for repairs on a hack was given priority over a recorded mortgage.   The court said, "A lien on personal property cannot indeed be created without authority of the owner   .   .   .   But in the present case such an authority must be implied from the facts agreed.   The subject of the mortgage is a hack, that is to say, a carriage let for hire; described in the mortgage as 'now in use' at certain stables; and which, as the parties have agreed in the case stated, the mortgagor retained possession of and used agreeably to the terms of the mortgage.   It was the manifest intention of the parties that the hack should continue to be driven for hire, and should be kept in a proper state of repair for that purpose, not merely for the benefit of the mortgagee, but for that of the mortgagor also, by preserving the value of the security and affording a means of earning wherewithal to pay off the mortgage debt.   The case is analogous to those in which courts of common law, as well as of admiralty, have held, upon general principles, independently of any provision of statute, that liens for repairs

made by mechanics upon vessels in their possession take precedence over prior mortgages." The cases following *Hammond* v. *Danielson* emphasize the fact that it was understood that the mortgaged property was to be used in the business of the mortgagor to assist him in paying off the mortgage debt. Without pausing to criticise this line of cases it is sufficient to say that the facts in the case before us are radically different. The note which the mortgage secured was a demand note, instead of a long term note. It does not appear that the parties contemplated that the automobile would be used in the business of the mortgagor and it does not appear that it was ever so used. As the mortgagee at the time the mortgage was executed knew that the mortgagor operated a garage and service station at the place where the automobile was located there is no reason for assuming that the mortgagee must have known that the automobile would be repaired elsewhere. In *Wright* v. *Sherman*, 3 S. Dak. 290, 17 L. R. A. 792, the plaintiff was the mortgagee of certain live stock. The mortgagor in possession of the stock left them with the defendant to be fed. Without knowledge on the part of the plaintiff the defendant took possession of, cared for and fed the stock. In an action by the plaintiff to foreclose his mortgage defendant claimed a priority in favor of his statutory lien. Judgment was rendered for the plaintiff. The court said: "It appears from the record that the mortgagors were themselves farmers and stock-raisers. In the absence of any suggestion to the contrary the inference is a fair one that the mortgage was given and taken with the understanding that the mortgagors should keep and look after the mortgaged stock, according to the well known custom in such cases, at their own expense and not at the expense of the stock or the mortgagee."

In *Scott* v. *Mercer Garage &c.*, 88 W. Va. 92, the court, after referring to *Hammond* v. *Danielson, supra,* said: "And in accordance with this class of cases, it was sought in the present case to imply authority in the vendee to cause the

automobile to be repaired, because of the fact that plaintiff knew that the purchaser intended to use the machine on some occasions to carry passengers for hire. No such authority was given in the recorded contract. May he not stand on that, if he has done nothing in the meantime to deprive him of his rights? The facts agreed show nothing justifying any such implied authority."

In *Bath Motor Mart* v. *Miller*, 118 Atl. (Me.) 715, the plaintiff, a conditional vendor of an automobile recorded, as provided by statute, the note received from the conditional purchaser. The action was replevin against a mechanic who was holding the automobile to enforce his lien for repairs. The court said: "It is urged that, when the plaintiff intrusted the motor to the conditional purchaser with implied knowledge that it was to be used, and would in the natural course of events require repairs, it presumptively clothed him with authority to have repairs made upon the credit of the car itself. But in most cases such a presumption would do violence to the real understanding of the parties to the note. Moreover the authorities are opposed to this theory. *Small* v. *Robinson*, 69 Me. 425, 31 Am. Rep. 299; *Sargent* v. *Usher*, 55 N. H. 287, 20 Am. Rep. 208; *Hollingsworth* v. *Dow*, 19 Pick. 228. See also *Nesbitt Auto Company* v. *Whitlock et al.* (S. C.) 101 S. E. 822; *Baughman Automobile Company* v. *Emanuel*, (Ga.) 73 S. E. 511; *Overland Automobile Company of Dallas* v. *Findley* (Texas), 234 S. W. 106; *Hollis and Ray* v. *Isbell*, 124 Miss. 799, 20 A. L. R. 244.

The decisions giving a mechanic's lien priority over a previously acquired lien are based upon the theory that the circumstances warrant the inference that the person in possession had an implied authority to impose such a lien upon the property. In *Howes* v. *Newcomb* (Mass.), 15 N. E. 123, the court said: "It should be kept in mind that the purpose of a mortgage is to furnish security, and that the property is usually left with the mortgagor for his convenience, with an understanding that nothing shall be done

or permitted by him to impair the security. An agreement which will defeat the purpose of the transaction should not be inferred or implied against a mortgagee without cogent evidence." See also *Storms* v. *Smith*, 137 Mass. 201. In the case before us there is no reason for assuming that the mortgagor had implied authority from the mortgagee to subject the mortgaged property to a lien having a priority over the mortgage.

The petitioner has a lien upon the automobile but, as the petitioner's lien is subordinate to the mortgage lien, the mortgagee is entitled to possession for the purpose of foreclosing the mortgage. In so far as the decree appealed from establishes a lien and fixes the amount thereof, said decree is affirmed but in so far as said decree fails to recognize the priority of said mortgage lien said decree is reversed.

The parties may on the 30th day of April, 1923, present a form of decree in accordance with this opinion.

*Edward C. Stiness, Daniel H. Morrissey, Francis J. O'Brien*, for petitioner.

*Gardner, Moss & Haslam, Thomas F. Black, Jr.*, for respondent, National Bank of Commerce.