## DURHAM *vs.* MAYO.

1. The lien given by the Act of 22d December, 1834, to carpenters and masons, is discharged from the premises, upon a sale thereof, under execution against the owner, and transferred to the proceeds of such sale, to which the holder of the lien must look for satisfaction of the lien, instead of to the premises.

2. That the purchaser at such sale bought, with notice of the existence of the lien, does not alter the rule; the title passes to the purchaser, notwithstanding, freed from the encumbrance of the lien.

Levy and Claim, in Dougherty Superior Court. Tried before Judge ALLEN, at the June Term, 1860.

David A. Mayo obtained a judgment at common law, on a mason's lien on the Isabella Hotel, in the city of Albany, against George W. Crummey. From this judgment, a *fi. fa.* issued, and was levied on said hotel, and Lindsey H. Durham interposed a claim to the property.

On the trial of this claim, the plaintiff in *fi. fa.* introduced in evidence the *fi. fa.*, with the levy entered thereon, and closed his case.

Counsel for the claimant then moved to dismiss the levy, on the ground that the plaintiff had shown no title to the property levied on, in Crummey, the defendant in *fi. fa.*; and on the further ground that plaintiff had not shown at what time the work was done, and at what time the lien was recorded, or that it was recorded within the time prescribed by the statute.

The presiding Judge overruled the objection, and claimant excepted.

Claimant then introduced in evidence a *fi. fa.* from the sixth Circuit Court of the United States, in favor of James C. Selman & Son, against George W. Crummey, for $1,196 53 principal, dated the 8th December, 1857, with the official return thereon of Thomas L. Ross, United States Deputy Marshal, showing that the property in dispute was seized by said Deputy Marshal, under said *fi. fa.*, and sold according to law, on the 2d of March, 1858, as the property of Crum-

Durham *vs.* Mayo.

mey, and purchased by the said claimant, Lindsey H. Durham, at said sale, for the sum of $7 00.

The claimant then closed his case.

The plaintiff in *fi. fa.* then proved, by Richard Hobbs, that, at the time the claimant purchased the property in dispute, at said Marshal's sale, he, the claimant, had notice of plaintiff's lien on the property, and bought it subject to said lien.

This evidence was objected to by counsel for claimant, but the objection was overruled, and the testimony admitted, to which the claimant excepted.

Counsel for claimant then admitted that the Deputy Marshal, before and at the time of the sale, gave notice of the lien, and that the property would be sold subject thereto.

Counsel for claimant then asked the Court to charge the jury : "That if claimant bought the property in dispute under a *fi. fa.* against Crummey, after the lien was recorded, they should find the property not subject."

The Court refused so to charge, but charged the jury : "That if, at the time of the purchase of said property by the claimant, notice was given by the Marshal that the property was sold subject to the plaintiff's lien, and that the claimant knew of said lien, then the jury should find the property subject," to which charge, and refusal to charge, claimant excepted.

The jury found the property subject.

The plaintiff in error seeks a reversal of the judgment, on the ground of alleged error in the refusal of the Court to dismiss the levy, and the charge, and the refusal to charge, as hereinbefore set forth.

VASON & DAVIS for plaintiff in error.

STROZIER & SMITH for defendant in error.

*By the Court.*—LYON, J., delivering the opinion.

David A. Mayo, as a mason, did some work on the "Isabella Hotel," or "Crummey House," as then called, in the city of Albany, and recorded his lien on the house and premises for the same, under the Act of 22d December, 1834. After his lien was recorded, this property was levied on and sold under an execution from the sixth Circuit Court of the United States, for the Southern District of Georgia, and was purchased at that sale by the plaintiff in error, Lindsey H. Durham. Mayo having brought suit on his claim, and obtained judgment under the Act, caused his execution, issued from that judgment, to be levied on the premises covered by his lien, and Durham interposed his claim.

These facts being developed on the trial, the claimant, Durham, asked the Court to charge the jury, "that if claimant bought the property in dispute under a *fi. fa.* against Crummey, after the lien was recorded, then they should find the property not subject." The Court refused to give the charge, but charged, "that if, at the time of the purchase of said property by the claimant, notice was given by the Marshal that the property was sold subject to the plaintiff's lien, then the jury should find the property subject."

The refusal to charge as directed, and the charge as given, are the grounds of error complained of in this case.

1. By the 6th section of the Act before referred to, (Cobb, 556), it is enacted, that, "Whenever any house and lot, or houses and lands, subject to incumbrances herein created, shall be seized and sold by authority of any process or decree of any court in this State, the same shall pass to the purchaser free from such incumbrance, which incumbrance shall attach to the proceeds in the hands of the officer making it, on a notice, as in cases of claims to money raised under execution, which notice, with the money, shall be returned to the Court by the officer." Under this Act, the sale of the premises, and purchase by Durham, under the execution against Crummey, divested the premises of the lien, and passed the whole title of Crummey, the defendant in the execution, to

the purchaser, Durham; and the lien of Mayo, given by the statute, was transferred from the house and lot to the proceeds of that sale. The house and lot was no longer subject to be seized and sold under the lien, and the Court ought to have given the charge as requested.

2. That the property was sold by the Marshal subject to this lien, and purchased by Durham, with notice of its existence, does not, in the slightest degree, alter the rule. The statute contemplates that the holder of the lien shall take notice of the sale, for it provides that the incumbrance shall attach to the proceeds, instead of the premises, and that the officer, on notice, shall hold up the money, and return the same to the Court.

There is no hardship in this provision of the statute, but it is really beneficial for the holders of these liens. It saves the necessity of reducing their claims to judgment.

That it has proved disastrous to the defendant, Mayo, in this case, is not the fault of the Act, but that of his neglect to give heed to it.

Judgment reversed.