LAURENT DEGIVE, plaintiff in error, *vs.* MEADOR & TUMLIN, defendants in error.

1. When a suit is pending in favor of a mechanic, under sections 1963 and 1964 of the Revised Code, and the property on which the lien is claimed to attach has been sold by virtue of a legal process, the purchaser cannot make himself a party to such action and tender an issue denying the character in which plaintiff brings his suit.

2. The fact that such purchaser has a mortgage on the property does not affect the question.

3. The sale of the property discharged it from the mechanics' lien, if it existed, and all questions touching the priority or validity of the conflicting liens can, as between contesting creditors, be determined on the hearing of a rule for the distribution of the proceeds of the sale.

Mechanics' lien. Mortgage. Party. Judicial sale. Before Judge HOPKINS. Fulton Superior Court. April Term, 1873.

Meador & Tumlin brought suit to the October term, 1867, of Fulton superior court, against the Masonic Hall Company of Atlanta, a corporation, for $2,590 40, on an account for cutting, preparing and furnishing stone, and putting up granite front on the masonic hall building.   They alleged that the work was completed according to contract on the 1st day of May, 1867, and accepted by the president of the corporation. The declaration did not allege that the plaintiffs were mechanics or stone-cutters, but simply that the defendant was indebted to them in the sum named for the work specified. The declaration further recited that "the petitioners had filed their mechanics' lien in terms of the law," and prays process, etc.   A judgment was rendered for the plaintiffs, and an appeal entered by the defendant, at the April term, 1868.

While the cause was pending on the appeal, to-wit: on the 11th of April, 1872, Laurent DeGive filed a plea, under oath, setting up that he was the owner of the property upon which the lien was claimed, and that the property was not subject to the lien because Meador & Tumlin were neither stone-cutters nor mechanics, as contemplated by the statute, and did not cut and put up the stone on the said building as described, nor any part of it.

When the case was called for trial DeGive appeared by his attorney and offered to defend the suit, stating and offering to prove the following facts: That he was the original owner of the masonic hall property on which said lien was levied and had sold it to the Masonic Hall Company on time for $10,000 in gold, making, at the time of sale, a deed to said company

and taking from them a mortgage to secure the purchase money, that before said purchase money was paid or any part of it, the said company proceeded to build a masonic hall on 'the property and partially completed the same; that in October, 1869, the property was seized and sold under a mechanics' lien *fi. fa.* in favor of Healy & Berry *vs.* The Masonic Hall Company for work done by them for said company upon said property; that he became the purchaser at that sale for the price of $21,000 00 and proceeded to improve the property at the cost of about $40,000 00; that the principal and interest due him for the purchase money of the property upon his mortgage, and the legal liens thereon, amounted to more than $21,000 00 not including the demand of Meador & Tumlin from which he was therefore seeking to protect himself believing, for the reasons stated in his plea, that the plaintiffs had no lien under the law.

Counsel for plaintiffs objected to DeGive's being heard because not a party to the suit. Counsel for DeGive then moved the court to allow him to be made a party defendant. The court refused to permit him to be heard as to the facts aforesaid, or to be made a party, and allowed the plaintiff's counsel to take an order dismissing the appeal, they producing an authority from the Masonic Hall Company to that effect.

DeGive excepted to all of these rulings and assigns error thereon.

D. F. & W. R. HAMMOND ; COLLIER & COLLIER, for plaintiff in error.

We insist that DeGive, who was the owner of the property in this case, and the principal creditor of the defendants, out of whom the fund had been raised for distribution, had the right to show that the lien of Meador & Tumlin was not a valid and subsisting lien, and that the court erred in refusing him this privilege: Code, section 3484; 45 Ga., 493 ; 45 *Ibid.*, 97.

We insist that the vendor's lien, under the law, is paramount to that of the mechanic, or any other lien, until the

DeGive *vs.* Meador & Tumlin.

property is paid for. But while this is true, DeGive having sold and made a deed, and taken a mortgage to secure the payment, and being before the court in a contest as to the superiority of liens, he had such an interest in the case as entitled him to a hearing : 29 Ga., 408 ; Code, 3654 ; 22 Ga., 116 ; 40 *Ibid.*, 259 ; Code, secs. 1994, 1959.

ROBERT BAUGH ; A. W. HAMMOND & SON, for defendants.

None but parties to record can be heard : 19 Ga. R., 15. Stone-cutters have mechanics' lien : Acts of 1859, p. 57. Purchasers not affected by this judgment : Code, section 1990, par. 3.

TRIPPE, Judge.

1. There can be no legal necessity, in order to assert any right of plaintiff in error, that he should be made a party to the suit he proposed to defend. He has purchased the property at a sale under a legal process, and by section 1961, Revised Code, takes it discharged of the mechanics' lien, and if any lien may exist it can only attach to the proceeds of the sale upon notice of the mechanic to the officer who sold the property, to hold the money to be disposed of by the superior court. ·It may be that the defendants in error desire a general judgment against their debtor as well as one for their lien, which we have held at this term they can obtain : *Parish vs. Murphy*, decided at this term. They should not be postponed in obtaining this by a third party on the mere ground that he has become the purchaser of the property on which the lien is claimed. He can defend himself if an attack be made upon him or his property.

2. It does not clearly appear what precisely is the object of DeGive in asking to be allowed to defend against the suit of Meador & Tumlin. If it be because he wishes to protect his title, we have seen there is no danger to that. If it be that notice has been given by Meador & Tumlin to the officer to hold the money arising from the sale at which DeGive pur-

chased the property, and that there will be a contest by conflicting liens over the fund, it does not so appear from the record. So far as the record discloses, the proceeds may have been already distributed. The fact that DeGive holds the mortgage does not affect the case, for if the money is already distributed there is nothing over which the contest can arise, neither title or money. And if the proceeds of the sale are yet to be distributed by the court, and the mechanics' lien and the mortgage lien come in conflict, the court doubtless will open the door wide enough to let the rights of all the parties be heard, contested and adjudicated. DeGive would have all the rights on that issue that he could have in the one he proposes now to make.

3. The sale of the property discharged it from the mechanics' lien if it existed, under the section of the Code quoted, and all questions touching the priority or validity of conflicting liens can, as between contesting creditors, be determined on the hearing of a rule for the distribution of the money arising from the sale.

Judgment affirmed.