## RICHARDSON v. CONN.

1. The defendant in a county court judgment on which money is claimed upon a rule pending in the superior court cannot in that proceeding attack the judgment for want of service upon him in the suit from which it resulted. The question whether or not one of the creditors contesting for the fund in court could, upon appropriate proceedings to which the officer making the return was a party, attack such a judgment on the ground stated, is not made in the present case.

2. That an attorney at law who represented two judgment credulitors applied to the junior judgment money arising from a judicial sale of property subject to both, did not pro tanto satisfy the senior judgment so as to postpone its lien upon the proceeds of other property subject thereto in favor of still another judgment having a lien upon the property last mentioned and junior to both of the judgments first mentioned.

Argued November 17,—Decided November 30, 1896.

Money rule.  Before R. L. Maynard, judge pro hac vice. Macon superior court.  May term, 1896.

*R. L. Greer, J. W. Haygood, Allen Fort* and *J. F. Watson*, for plaintiff.  *J. A. Ansley*, for defendant.

SIMMONS, Chief Justice.

1. This was a contest in the superior court between Richardson and Conn, judgment creditors of Joiner, upon a rule against the sheriff to distribute money in his hands arising from the sale of property of Joiner under an execution issued on Richardson's judgment.  At the trial Joiner filed a traverse attacking the judgment for want of service upon him in the suit in which it was rendered.  The judgment thus attacked was rendered in the county court.  The court, on demurrer, held that such an attack could not be made in this proceeding.  We think the court was right in so holding.  The question whether or not a creditor contesting for the fund could, upon proper proceedings, to which the officer making the return was a party, attack the judgment on the ground stated, is not made in this court.

2. The court awarded priority to Conn's judgment, and to this Richardson excepted. Conn's judgment was older than that of Richardson, but Richardson contended that it was discharged because the attorney who represented Conn in the enforcement of the judgment, applied to junior judgments in favor of other creditors, which were in his hands at the same time, money arising from a sale under the latter of property which was subject to Conn's judgment. We think the court was right in deciding against this contention. Conn's judgment was against Joiner and another party as principals, and against Suber and Glover as securities; and the junior judgments here referred to, which were in favor of Rogers & Company, were against Suber and Glover only. The code declares that "As among themselves, creditors must so prosecute their own rights as not unnecessarily to jeopard the rights of others; hence, a creditor having a lien on two funds of the debtor, equally accessible to him, will be compelled to pursue the one on which other creditors have no lien." (Civil Code, §2691.) Conn, having a lien on property of Joiner, as well as on property of Suber and Glover, while Rogers & Company had liens only upon property of Suber and Glover, could therefore have been compelled by Rogers & Company to resort to property of Joiner, instead of resorting to the property subject to Rogers & Company's liens; and the doing by the attorney of what Conn could have been compelled to do, certainly could not operate to discharge Conn's judgment. See, also, on this subject, *Newsom et al.* v. *McLendon et al.*, 6 *Ga.* 399, 400.          *Judgment affirmed.*