## PALIN *v.* COOKE.

Where an owner of several omnibuses, carriages, buggies, and other vehicles entered into a contract with a mechanic by which it was agreed that the latter should furnish materials and repair all of such personal property from time to time, as it might be necessary, and as the owner might require, and that the mechanic should deliver the property thus repaired to the owner, and should be paid for such materials and repairs at such time as he (the mechanic) should elect, which should be whenever he demanded payment of the amount, it being understood that the indebtedness was a running account and should become due on demand; and where, in pursuance of such contract, the mechanic furnished materials and made repairs from time to time on the different vehicles and delivered possession thereof to the owner, not recording any lien within ten days from the repairing of any particular vehicle, but at the close of a year from its making the contract was terminated and he then

made demand for payment, recorded a claim of lien and made affidavit for the purpose of foreclosing it: *Held*, that this did not give the mechanic a lien upon the property.

Submitted March 3,—Decided May 16, 1906.

Foreclosure of lien.    Before Judge Mitchell.    Thomas superior court.    April 22, 1905.

*Theodore Titus,* for plaintiff.

*S. A. Roddenbery* and *Roscoe Luke,* contra.

LUMPKIN, J.    Lien laws are strictly construed, and one who claims a lien must bring himself clearly within the law.    *Hawkins* v. *Chambliss,* 116 *Ga.* 813.    By the act of February 24, 1873 (Acts 1873, p. 44, sec. 8), it was declared that the lien of a mechanic must be asserted by the retention of the property, and not otherwise. *Hurley* v. *Epps,* 69 *Ga.* 611.    By the act of 1884 (Acts 1884-85, p. 43), this was so amended as to declare that the lien may be asserted by retention of the property, or the mechanic may surrender such personal property and give credit, in which event the lien shall be enforced in accordance with the provisions of what is now section 2816 of the Civil Code, which provides for the enforcement generally of liens on personal property.    If possession of the property is surrendered to the debtor, the mechanic must record his lien within ten days after such work is done and material furnished. Civil Code, §2805.    It is not a compliance with the law for a mechanic to do different jobs of work in the way of repairing various vehicles at different times, deliver possession to the debtor, fail to record the lien within ten days, and take no action until he desires at some indefinite period to collect his money.    A general contract to do repair work on various vehicles, as they may need it, for a year or for some indefinite time, does not constitute the work so done a single job, so as to authorize the recording of a lien on all the vehicles within ten days after the expiration of the term of such contract by lapse of time or action of the parties.    Nor can the debtor and creditor preserve a lien on the property in favor of the latter by an agreement to the effect that the bill for such repair work shall become due when the mechanic may so desire and demand payment.    To permit one creditor to retain indefinitely a right to a lien, not by compliance with the statute but by virtue of some agreement with the debtor, and thus to reserve the secret power of having a lien or not as he may wish, is not according to either the

letter or the spirit of the lien law. The decision in *New Ebenezer Association* v. *Gress Lumber Co.*, 89 *Ga.* 125, is not applicable to this case. There materials for the improvement of real estate were furnished under one contract and as a part of the same improvement; and though the items were furnished at different times, the record of the lien within three months after the latest item was furnished was held sufficient. This is unlike the doing of separate and distinct repairs at different times upon different vehicles as they may need it, although one contract may have provided therefor.

Another creditor of a common debtor having filed his counter-affidavit for the purpose of contesting the claim of lien asserted in this case, in accordance with the Civil Code, §2816, par. 6, the presiding judge, on motion of such creditor, properly held that the affidavit of the plaintiff, showing substantially the facts set out in the headnote, was insufficient, and dismissed the levy.

*Judgment affirmed. All the Justices concur.*