### ENGLEHART-HITCHCOCK CO. v. CENTRAL INVESTMENT CO.

HOLDEN, J. An owner of realty, after conveying the same to secure a debt, contracted for improvements on the property with one who, before making the contract and before making improvements thereunder, knew that proceedings were pending in the Federal court to have the property sold under the security deed, and the improvements were completed before the sale under these proceedings. The one making the improvements did not intervene in the foreclosure proceedings, nor claim any of the proceeds arising from the sale, but filed his claim of lien within three months after completing the improvements. At the judicial sale under the foreclosure proceedings, the holder of the debt secured by the deed, and for whose benefit the proceedings were had, purchased the property. *Held:*

1. The judicial sale divested the property from the lien for improvements, and the purchaser thereat obtained title to the property freed from such lien. Civil Code (1910), § 3365; *DeGive* v. *Meador,* 51 *Ga.* 160; *Loudon* v. *Coleman,* 59 *Ga.* 653.

2. The one making the improvements could not, after such sale, foreclose his alleged lien against the property, nor obtain against the purchaser a judgment for the contract price or value of the improvements, though the purchaser knew, when he purchased the property, that the owner had contracted for the making of the improvements, and gave his assent to the owner making such contract when made. *Durham* v. *Mayo,* 32 *Ga.* 192.

3. The evidence was insufficient to authorize a finding that the purchaser at the judicial sale had at any time agreed to be liable for the contract

price or value of the improvements, or had in any way become legally liable to pay therefor.

4. The court committed no error in awarding a nonsuit at the conclusion of the evidence introduced by the plaintiff.

*Judgment affirmed. All the Justices concur.*
JULY 13, 1911.

Foreclosure of lien. Before Judge Bell. Fulton superior court. March 29, 1910.

*E. M. Underwood* and *Smith, Hammond & Smith,* for plaintiff.
*H. A. Etheridge* and *E. L. Douglas,* for defendant.