## BAUGHMAN AUTOMOBILE COMPANY *v.* EMANUEL.

A court of equity will not entertain jurisdiction to enjoin the owner of personal property from asserting his title by appropriate remedy at law to recover the property as against one who is seeking to subject it by the foreclosure of a mechanic's lien for labor performed and material furnished to repair the property at the instance of the vendee, who had not paid the purchase-price thereof, and where the vendor had retained the title to the property and the contract of sale was duly recorded, although the vendor knew of the labor performed and the repairs being made on the property, and that the vendee was insolvent.

(*a*) The mechanic's remedy in such case is by paying the vendor the balance of the purchase-price of the property due by the vendee, and then

subjecting the property to the mechanic's lien for the labor and material furnished, as the property of the vendee.

(b) Where labor and material are furnished to improve personal property at the instance of the vendee in such a way that the vendor has no choice but to accept them, such acceptance would create no liability against the vendor, or his property so improved.

JANUARY 10, 1912.

Equitable petition. Before Judge Frank Park. Decatur superior court. July 7, 1911.

The Baughman Automobile Company filed its petition in the superior court of Decatur county, against J. H. Emanuel of that county, against whom it prayed substantial relief, and J. Douglas Harrell, formerly of Decatur county, but now living in Florida, and alleged the following: J. H. Emanuel is the owner of a certain Buick automobile, and some time prior to May 20, 1910, he made a contract in which he agreed to sell the automobile to Harrell for a named price, and, in order to secure the purchase-price of the same, "took a retention of title to the automobile, which was properly recorded." After Harrell had used the automobile for some time it became badly out of repair, and he took it to the plaintiff, requesting it to put the machine in thorough repair and do everything necessary to put it in thorough running order. In compliance with this request the plaintiff proceeded to rebuild the automobile and put it in thorough condition, putting into the machine material (an itemized statement of which is set forth in the petition) amounting in the aggregate to the sum of $330.16. When the machine was brought to the plaintiff it was practically worthless, would not run, and would not have brought $300, but after it was repaired it was practically as good as new. Harrell is insolvent and was insolvent at the time the repairs were made, and the defendant Emanuel knew this fact and that the only hope the plaintiff had of getting its money was out of the machine, which has been claimed and is now in possession of Emanuel under bail-trover proceedings against the plaintiff. Plaintiff was unable to get Harrell to settle the bill for repairs, and on August 5, 1910, it sued out a mechanic's lien for work and material furnished on said automobile against Harrell; and an order to sell said machine having been obtained, Emanuel filed claim thereto. Emanuel and Harrell both knew that plaintiff was repairing the automobile and

was expending large sums for material, labor, etc., but Emanuel remained silent, did not object, and has accepted the fruits of plaintiff's labor and material, and never has paid or offered to pay therefor, though requested so to do. The suit is not brought on the contract made with Harrell, but for the value of the material and labor necessary to put the automobile in proper condition, all to the value of $330.16. The prayers of the petition are: 1. That defendant Emanuel be restrained and enjoined from entering up judgment against the' Baughman Automobile Company on the bail-trover proceedings instituted by him, and from proceeding with said bail and trover suit in any way until the further order of the court. 2. That said defendant either be enjoined from using said automobile and impairing the value of the material furnished and repairs made by the plaintiff, or, in lieu thereof, that said defendant be required to give bond in such sum as will be sufficient to secure plaintiff against loss. 3. For general relief. To the petition the defendant Emanuel filed a general demurrer and moved to dismiss the case: 1. Because the petition sets forth no cause of action legal or equitable against him. 2. Because it is not alleged that the plaintiff ever tendered to defendant the amount due by Harrell to him on the purchase of the automobile described. The court, at the appearance term, after argument had, sustained the demurrer and dismissed the petition at the costs of the plaintiff. To this judgment the plaintiff excepted.

*Erle M. Donalson,* for plaintiff.

*M. E. O'Neal* and *Russell & Custer,* for defendant.

HILL, J. (After stating the foregoing facts.)

The general demurrer filed to the equitable petition was properly sustained by the court. The plaintiff's remedy was not by equitable petition, but by paying the balance of the purchase-price due by Harrell to Emanuel, in whom the title to the automobile was, and then proceeding to subject the property to the mechanic's lien as the property of Harrell, the vendee, at whose instance the improvements were made. It is insisted, however, that this rule would work a hardship where the mechanic is not financially able to pay the balance of the purchase-money due on the machine in order to subject it to the mechanic's lien for labor and material furnished in repairing and improving it. But the

reply is, that, in the present case at least, the plaintiff knew at the time the labor was performed and the material furnished, as appears by the petition, that the title to the property improved was in another person than the one for whom the work was being done and the material furnished, and that that person was insolvent. The plaintiff, therefore, furnished the labor and material to repair the property with full knowledge of the insolvency of the vendee for whom the work was being done, and that the title to the property was in the vendor, J. H. Emanuel. It would be a hardship, also, to one who had parted with personal property by conditional contract of sale, and who had taken the necessary legal steps to protect the title by taking a written contract reserving title in himself and put the world on notice of that fact by having the contract duly recorded, to have the property subjected to the debts of other creditors, who have not thus secured themselves. It is also contended by the plaintiff in error that the vendor, Emanuel, knew of the improvements being made on the machine and accepted them, and therefore that this created a liability which should subject the vendor's property to the mechanic's lien. The petition which alleged the above facts also shows that as soon as the vendor of the automobile had notice that an effort was being made to subject it to the foreclosure of the mechanic's lien, he filed his action in bail-trover to recover the property. There are authorities to the effect that where services are of such a nature that one has no choice but to accept them, it can not be said that the party accepted them voluntarily, and such acceptance would create no liability. Keener on Quasi-Contracts, 360; 2 Page on Contracts, § 776, and cases cited; *Woodruff* v. *McDonald Furniture Co.*, 96 *Ga.* 86 (23 S. E. 195); *Englehart-Hitchcock Co.* v. *Central Investment Co.*, 136 *Ga.* 564 (71 S. E. 787); Civil Code (1910), § 6038.

*Judgment affirmed. All the Justices concur.*