LOVE *et al. v.* GOODSON.    •

FISH, C. J.  1. A rule nisi was issued against a sheriff by the judge of the superior court, to show cause why he should not pay over money in his hands to a named plaintiff in fi. fa., the rule stating fully the details of the plaintiff's claim. The sheriff filed his answer setting up certain matters relied on to show that the plaintiff was not entitled to the fund admitted to be in his hands, and that other named claimants were entitled to the fund. Afterwards the other claimants filed an intervention substantially the same as the sheriff's answer, and

prayed that the money be awarded to them. Subsequently the intervention was amended by setting up additional matters relied on to show that the intervenors were entitled to the fund. *Held*, that the case thus presented by the pleadings was a money-rule proceeding, as contemplated in the Civil Code, § 5348; and the intervenors took the case as they found it. *Charleston etc. Ry. Co.* v. *Pope*, 122 *Ga.* 577 (50 S. E. 374) ; *Hilton* v. *Haynes*, 147 *Ga.* 725 (95 S. E. 220). Therefore the intervenors could not object to the jurisdiction of the court and have the entire proceeding dismissed on the ground that there was no petition upon which to base the rule nisi issued against the sheriff.

2. Where at the trial the plaintiff in fi. fa., who brought the rule, offered a paper called a traverse of the sheriff's answer, but in effect a denial of the averments in the sheriff's answer and in the intervention, it was not error to allow the paper to be filed over the objection that it should have been filed at the first term.

3. Equity will not, where one creditor holds a claim against two, and another holds a claim against one of those two, compel the former to proceed against that one of his joint debtors against whom the latter has no claim, in order that the funds of his debtor may be applied exclusively to the payment of his claim. Equity will never do this for the sake of the creditor who has a single claim, but will do it when it is equitable as between the two debtors that it should be done. *Newsom* v. *McLendon*, 6 *Ga.* 392, 400; *Hanesley* v. *National Park Bank*, 147 *Ga.* 96 (92 S. E. 879) ; Ex parte Kendall, 17 Vesey, 520; 2 Story's Eq. Jur. (14th ed.) § 864 et seq. If anything said in the opinion in *Richardson* v. *Conn*, 100 *Ga.* 39 (27 S. E. 978), conflicts with the ruling above announced, it must yield to the older decision by this court.

4. On February 24, 1905, Goodson obtained a judgment against a partnership composed of Cavender and Shahan, and against each partner individually, and execution was duly issued upon the judgment. On August 24, 1905, Evans obtained a judgment against Shahan and Jasper Love, and the execution issued thereon was transferred to C. J. Love and others. A fund was raised by sheriff's sale, under the junior fi. fa., of Shahan's individual property; and on the trial, before the judge without a jury, of a money rule against the sheriff, the plaintiffs in fi. fa. under these judgments each claimed a prior right to the fund. The evidence authorized the judge to find the facts to be: (1) That the partnership of Cavender & Shahan was terminated by Shahan voluntarily and of his own accord severing his connection with the business, announcing that he would have nothing more to do with it, moving away, and never afterwards participating in the business of the firm. (2) That Cavender took charge of all the assets of the firm he could secure, " did the best he could " with them, and applied them all to the payment of the firm's indebtedness; that they were not sufficient to satisfy all of such indebtedness; and that he used some of his individual funds in payment thereof, but paid nothing on Goodson's claim. (3) That Goodson borrowed from Cavender, after the rendition of Goodson's judgment, a sum of money less than the amount of the judgment, and

the loan was made on the express agreement between Cavender and Goodson that it should not be credited on the judgment. (4) That no part of Cavender's judgment had been paid. (5) That Shahan was insolvent and Cavender was solvent. *Held*:

(*a*) The judge was authorized to hold that, as between Cavender and Shahan, it was not equitable that Goodson, the holder of the senior judgment, should be required to proceed against Cavender's property alone for its satisfaction, thus leaving the fund in court to be awarded to the junior judgment.

(*b*) The fund being insufficient to satisfy in full the senior judgment, it was not error to award it all to that judgment, without requiring the amount of Cavender's loan to the holder of the senior judgment to be credited thereon.

*Judgment affirmed. All the Justices concur, except Gilbert J., absent on account of sickness.*

No. 1414.    FEBRUARY 25, 1920.

Money rule. Before Judge Wright. Walker superior court. February 27, 1919.

*W. M. Henry* and *Shattuck & Shattuck*, for plaintiffs in error.

*D. F. Pope* and *R. M. W. Glenn*, contra.