18184.   CHALKER & RUSSELL *v.* SAVANNAH MOTOR CAR CO. INC.

JENKINS, P. J.   1. The remedy of a mechanic who has made repairs for a vendee upon machinery held by him under a title-retention contract is by paying the vendor the balance of the purchase-price of the property due by the vendee, and then subjecting the property to the mechanic's lien for the labor and material furnished under his contract with the vendee. *Baughman Automobile Co.* v. *Emanuel,* 137 *Ga.* 354 (73 S. E. 511, 38 L. R. A. (N. S.) 97).

2. In a trover suit brought by the reservation-of-title owner against a mechanic in possession of the property, the court did not err in rejecting the proffered amendment to the plea of the defendant mechanic, which undertook to set up that the repairs were made by the defendant for the vendee of the automobile, and that the vendee "was authorized by the said plaintiff [vendor] to have said car repaired," since the effect of such a proposed amendment would go merely to indicate that the vendee was acting in the matter of having the car repaired with the approval of the vendor, and not that the vendor had obligated itself to be responsible for the cost thereof, the effect of the allegation set forth in the proposed amendment amounting to nothing more than the provision set forth in the contract of purchase and sale whereby the purchaser was authorized and obligated to keep the car in repair at her own expense.

3. "In actions for the recovery of personal property, if the defendant at the first term will tender the property to the plaintiff, together with reasonable hire for the same since the conversion, disclaiming all claim of title, the costs of the action shall be paid by the plaintiff, unless he

---

Appeal and Error, 4 C. J. p. 852, n. 56.
Bailments, 6 C. J. p. 1139, n. 2.
Costs, 15 C. J. p. 89, n. 54 New.
Trover and Conversion, 38 Cyc. p. 2096, n. 65; p. 2109, n. 88.

can prove a previous demand of the defendant, and a refusal to deliver it up." Civil Code (1910), § 4494. However, "a tender in trover must embrace all the property claimed by the plaintiff, and must be unconditional." *Georgia &c. Ry. Co.* v. *Blish Milling Co.*, 15 *Ga. App.* 142 (8) (82 S. E. 784). Accordingly, the requirements of the code-section quoted can not be taken as having been met when the alleged tender of the automobile consisted of an offer to return it stripped of various parts of the machinery with which it was equipped when received by the defendant, and likewise stripped of the various portions of the equipment which had been substituted for the original equipment by the defendant mechanic.

4. The court correctly charged the jury that the agreed contract price of the property as between the vendor and vendee was not to be taken as the measure of damages in a suit against one who was not a party to that contract. The court further correctly charged them that the measure of· damages was the highest proven value of the property between the date of the conversion and the time of the trial. There was proof for the plaintiff going to show that the market value of the property when taken over by the defendant for repairs was from $1,000 to $1,200, whereas the amount of the recovery was in the sum of $571.15. The jury were authorized to infer that the value of the automobile after it had been repaired by the defendant, at which time delivery to the plaintiff was refused, had not been diminished so as to reduce the value below the amount of the recovery, and the court did not err in allowing the plaintiff to prove its value at the time it was taken over by the defendant for repairs in order to establish its value at the time its surrender was refused after the repairs had been made.

5. The evidence demanding a verdict in favor of the plaintiff, and authorizing the verdict in the amount rendered, under the rules of law stated above, none of the exceptions taken would authorize the reviewing court to set aside the verdict and judgment. The judge of the superior court properly overruled the defendant's certiorari.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED DECEMBER 15, 1927.

Certiorari; from Chatham superior court—Judge Meldrim. April 16, 1927.

STATEMENT OF FACTS BY JENKINS, P. J.

This was a suit in trover instituted in the city court of Savannah by Savannah Motor Car Company Inc., the vendor of an automobile under a recorded contract of purchase and sale reserving to it the title to the property, against Chalker & Russell, mechanics to whom the vendee had carried the automobile for the purpose of having it repaired. The defendants, in answer to the suit, undertook to plead a tender back of the automobile, and also to set off the repair bill on the same in the sum of $366.76. A verdict for $571.15 having been rendered in favor of the plaintiff,

the case was taken by certiorari to the superior court. The judge of the superior court overruled the certiorari, accompanying his judgment with the following written opinion: "The writ of certiorari should not be granted unless it clearly appears that there has been substantial error committed by the court below. Reference to the grounds set out in the petition and the answer of the learned judge of the city court to the writ forces the conclusion that no substantial error has been committed. The only question raised that has given me any serious concern is the ruling of the court below in sustaining the demurrer to the amended answer. On August 31, 1926, the defendants amended their answer, and to that amendment the plaintiff demurred, which demurrer was sustained on December 11, 1926. The second paragraph of the amendment is in these words: 'That the said Lizzie Myers was authorized by the said plaintiff to have said car repaired.' It will be remembered that Savannah Motor Car Co. sold to Lizzie Myers a car, retaining title. The contract of sale was recorded 10th September, 1925, and among other stipulations contained the following: 'I (Lizzie Myers) agree at my own expense to keep said motor-car in good repair and running order.' It was further 'agreed that the title to, ownership in, and right of possession of said car are vested in the vendor.' It appears that Lizzie Myers, the vendee, took the car to the defendants in the trover case for repairs, and a bill of $366.76 was incurred. It appears that certain parts of the car had been removed by the defendants and sent to the factory for new parts. The defendants tendered to the plaintiff in trover the car as it stood in their possession at the time the suit was brought, which tender was rejected. The plaintiff sought to recover $571.15, the same being the alleged value of the car, and for this amount a verdict was rendered in favor of the plaintiff.

"The contention on the part of the plaintiff in certiorari was that Lizzie Myers brought the car to them for repairs, and that she was authorized to have the car repaired. This contention forms the amendment of the defendant, it is that Lizzie Myers was authorized by the plaintiff to have said car repaired. Judge Freeman struck that amendment. The question is: Did he err in so striking it?

"The car belonged to the Savannah Motor Car Company. No

one without authority could bind it for repairs. It is insisted that Lizzie Myers was authorized to bind the Savannah Motor Car Company, and for the reason that under the terms of the contract the vendee agreed to keep said motor car in good repair and running order. The defendants, Chalker & Russell, were bound to take notice of the terms of the contract between Lizzie Myers and the Savannah Motor Car Company. By reference to that recorded retention-title contract, it appears that the repairs were to be at the expense of Lizzie Myers. Not only is this true, but Lizzie Myers could not bind the Savannah Motor Car Company without authority from it. It is not pretended that the Savannah Motor Car Company gave any authority to Lizzie Myers to bind the company. If she acted in a representative capacity, it could only have been as a special agent, and a party dealing with a special agent is bound to inquire into the power of that agent. While it is true that the averment in the amendment to the answer is that Lizzie Myers was authorized by the plaintiff to have said car repaired; yet, in view of the uncontradicted written contract of sale between the parties, Lizzie Myers had no such authority, but on the contrary it was expressly agreed that the repairs should be made at her own expense. This amendment that Lizzie Myers was authorized to have the said car repaired, therefore, was a mere conclusion of the pleader, and was in direct conflict with the uncontradicted and admitted written contract. Hence it follows that no error was committed by the learned judge in striking that amendment."

*Lewis A. Mills, Henry McAleer,* for plaintiffs in error.

*I. C. Farthing, Joseph T. Hill,* contra.