### 22973. FAIN *v.* COMMERCIAL CREDIT COMPANY INC.

SUTTON, J. 1. A writing headed "County of Fulton" and reciting, "I have this 30 day of April 1932 purchased and received from J. M. Harrison & Company, a corporation, hereinafter called vendor, Buick Coupé auto-mobile, motor number 1868949, on which I still owe $90.00, as evi-denced by agreement and note executed contemporaneously herewith. Title to above automobile remains in vendor or assigns until balance due, including any repair bill, is paid according to contemporaneous agree-ment made a part hereof," and signed by the purchaser in the presence of a notary public, constitutes a conditional bill of sale with reserva-tion of title. Civil Code (1910), § 3318; *Smith* v. *DeVaughn*, 82 *Ga.* 575 (9 S. E. 425). When such an instrument is properly recorded, the record thereof is notice to third persons of the fact that the vendor re-tained title to the automobile described therein and that the purchase-money had not been paid. Civil Code (1910), § 3319; *Atkinson* v. *Brunswick-Balke-Collender Co.*, 144 *Ga.* 694 (87 S. E. 891).

2. The fact that the instrument recorded referred to an agreement and note executed contemporaneously therewith, and the fact that such agreement and note were not recorded, did not render the record of the instrument sued on in this case insufficient to impart constructive notice to third persons that the title to the automobile described therein was in the vendor and that the purchase-money had not been paid. See Cable Co. *v.* Stewart, (C. C. A,) 191 Fed. 699; Arthur *v.* G. W. Parsons Co., (C. C. A.), 224 Fed. 47.

3. Accordingly, where a conditional bill of sale, in which the vendor re-tained title to a described automobile until the purchase-money was paid, was executed on April 30, 1932, and recorded on May 5, 1932, and where the vendee defaulted in the payment of the purchase-money, and on July 25, 1932, the assignee of the vendor instituted foreclosure proceedings thereon in the municipal court of Atlanta and the automobile was seized, and where on July 26, 1932, a claim was interposed in that court by claimant, who had the automobile in his possession at the time of its seizure, in which he set up that the vendee owed him a repair bill on the automobile, that he had no notice of the retention-of-title agreement, and that his mechanic's lien was superior to the retention-of-title agree-ment, the trial judge properly rendered a judgment against the claim and finding the property subject. It therefore follows that the judge of the superior court properly refused to sanction the claimant's petition for certiorari, complaining of the judgment of the appellate division of the municipal court of Atlanta affirming the judgment of the trial judge overruling the claimant's motion for new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 29, 1933.

*Noah J. Slone,* for plaintiff in error.
*Cotterill, Hopkins, Bryan & Ward,* contra.