## 35304. NORMAN *v.* FARMERS STATE BANK OF LINCOLNTON.

DECIDED OCTOBER 7, 1954.

*Ben B. Ross,* for plaintiff in error.

*L. C. Groves,* contra.

GARDNER, P. J. 1. The only issue to be determined here is whether or not a mechanic's lien properly obtained, filed, foreclosed, and the fi. fa. levied upon an automobile in question under Code § 67-2003, is superior to a bill of sale obtained and recorded approximately three months prior to the date on which a claim was filed after the levy of the mechanic's lien. Code § 67-2003 reads: "All mechanics of every sort, for work done and material furnished in manufacturing or repairing personal property, shall have a special lien on the same, which may be asserted by retention of such property, or the mechanic may surrender such personal property and give credit, when the same shall be enforced in accordance with the provisions of section 67-2401, and shall be superior to all liens except liens for taxes and such other liens as the mechanic may have had actual notice of before the work was done or material furnished. When they surrender possession of the property to the debtor, such mechanics shall record their claim of lien within 10 days after such work is done and material furnished, in the office of the Clerk of the Superior Court of the County where the owner of such property resides, which claim shall be in substance as follows   .   .   ."

Counsel for the plaintiff states that he is unable to find any case in point to cite which would settle the question involved. He calls our attention to the fact that certain words in the Code section are to be pinpointed, first, the word "superior" and second "actual notice"; and that "superior" as defined by Webster's Collegiate Dictionary (Fifth Edition, 1948) means "More elevated in place or position; higher; upper   .   .   ." He

also calls our attention to *Fleming* v. *Townsend*, 6 *Ga.* 103, quoting from page 111 of that opinion as follows: "What shall be notice to him, is the only remaining question. We believe that the notice must be *actual* in order to make the conveyance good against him; that is, there must be brought home to him knowledge of the prior conveyance at the time of his purchase. How this shall be done, must depend upon the circumstances which attend each case. Whether in a given case, the purchaser had this knowledge, must depend upon the proofs adduced to establish it. *Constructive* notice will not do alone; and therefore, the registry of a prior deed will not do. However, for many purposes, the record of a deed is notice, we hold that it is not such notice as will make a voluntary conveyance good against a subsequent purchaser, for value. The principle upon which a purchaser is not protected, who has notice, is this: Knowing of the existence of a prior deed, he is presumed to be guilty of a fraud upon the rights of the prior grantee."

He also calls our attention to *Jordan* v. *Pollock*, 14 *Ga.* 145, 158, as follows: "That actual notice, in the case we have been considering, is shown, when the proof, positive or presumptive, authorizes the clear and satisfactory conclusion, that the purchaser had knowledge of the incumbrance, or would have had it, if he had not wilfully declined to search for it, and thus his conscience is affected by it; and that constructive notice, is that which arises out of a legal inference, or presumption strictly speaking, such as notice from a register, record, or some such matter; and which does not affect the conscience of the purchaser, because, notwithstanding the legal presumption, he may never have had absolute knowledge of the record, or been put upon inquiry in relation to it." Our attention is called also by counsel for the plaintiff to *Stonewall Jackson Loan &c. Assn.* v. *McGruder*, 43 *Ga.* 9, 12. Counsel admits that this last case is not in point. Counsel calls our attention to *Hawkins* v. *Chambliss*, 116 *Ga.* 813 (43 S. E. 55), and *Palin* v. *Cook*, 125 *Ga.* 442 (54 S. E. 90), to the effect that lien laws are strictly construed. He also calls our attention to *Baughman Automobile Co.* v. *Emanuel*, 137 *Ga.* 354 (73 S. E. 511, 38 L. R. A. (NS) 97). We agree with counsel for the plaintiff in his statement in the beginning of his argument that there are no Georgia authorities to cite (in his favor) to settle the question involved.

2. In our opinion the instant case is controlled by the following Code section and decisions. The section providing for bills of sale or conditional sales with retention of title is Code § 67-1401, which provides: "Whenever personal property shall be sold and delivered with condition affixed to the sale that the title thereto is to remain in the vendor of such personal property until the purchase price thereof shall have been paid, every such conditional sale, in order for the reservation of title to be valid as against third parties, shall be evidenced in writing, and not otherwise. As between the parties themselves, the contract as made by them shall be valid and may be enforced, whether evidenced in writing or not." Code § 67-1403 provides for the recording of bills of sale. The headnote in *Baughman Automobile Co.* v. *Emanuel,* supra, states: "A court of equity will not entertain jurisdiction to enjoin the owner of personal property from asserting his title by appropriate remedy at law to recover the property as against one who is seeking to subject it by foreclosure of a mechanic's lien for labor performed and material furnished to repair the property at the instance of the vendee, who had not paid the purchase-price thereof, and where the vendor had retained the title to the property and the contract of sale was duly recorded, although the vendor knew of the labor performed and the repairs being made on the property, and that the vendee was insolvent.

"(a) The mechanic's remedy in such case is by paying the vendor the balance of the purchase-price of the property due by the vendee, and then subjecting the property to the mechanic's lien for the labor and material furnished, as the property of the vendee.

"(b) Where labor and material are furnished to improve personal property at the instance of the vendee in such a way that the vendor has no choice but to accept them, such acceptance would create no liability against the vendor, or his property so improved."

That case was also cited by counsel for the plaintiff. See also, to the same effect, *Fain* v. *Commercial Credit Co.,* 47 *Ga. App.* 107 (3) (169 S. E. 781); *Bank of LaGrange* v. *Rutland,* 27 *Ga. App.* 442 (3) (108 S. E. 821). In *Bank of Ringgold* v. *West Publishing Co.,* 61 *Ga. App.* 426, 428 (6 S. E. 2d 598) this court

said: "The object of the recording statutes is the constructive notice which is given to all the world as to the rights of the parties thereto. Actual notice to third parties, where it can be shown, is as effective as recordation." In *Ginn* v. *Morris Plan Bank of Portsmouth,* 61 *Ga. App.* 515, 519 (6 S. E. 2d 420) it was said: "The claimant's title, under its retention-of-title contract which, as it appears from the evidence, was properly recorded in this State, is superior to any lien which the plaintiffs in attachment may have had upon the car for repairs. This is established as the law of this case in *Morris Plan Bank* v. *Ginn,* 56 *Ga. App.* 681 (193 S. E. 783)." See *International Clay Machinery Co.* v. *Moultrie Banking Co.,* 34 *Ga. App.* 396 (129 S. E. 877).

Thus it is the well-established law in this State that a bill of sale properly recorded is a superior lien to a mechanic's lien subsequently duly recorded and foreclosed. It will be noted that in the instant case the bill of sale was recorded one day after its execution and the work done on the car by the mechanic was done approximately three months after the execution and the recording of the bill of sale. Hence it is that the court did not err, on oral motion of the defendant, in striking and dismissing the levy of fi. fa. based on the mechanic's lien.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*