### 37491. PALMER TIRE COMPANY *v.* MAXWELL BROTHERS FURNITURE COMPANY, INC., *et al.*

CARLISLE, Judge. 1. Where, after the foreclosure by the vendor of a title-retention contract, the holder of a pre-existing judgment fi. fa. placed his fi. fa. in the hands of the sheriff asserting priority, as against the vendor, to the money brought in on the foreclosure and sale of the property, he was estopped on the trial of a money rule brought against the sheriff by the vendor to assert the invalidity of or irregularity in the foreclosure proceedings. This is true because to assert a claim to the funds in the hands of the sheriff and at the same time to attack the validity of the proceedings by which the funds were brought into court is inconsistent. On the trial of the money rule, the holder of the judgment fi. fa. could assert whatever rights he may have had in and to the property foreclosed to the same extent that he could have asserted those

rights on the foreclosure proceeding itself. *Smith* v. *McPherson*, 78 *Ga.* 84.

The funds being in the hands of the sheriff, and there appearing to have been no objection by the vendee as to the regularity of the proceedings, it was immaterial insofar as a third party claimant thereto was concerned how the sheriff acquired them. *Emerson* v. *Knight*, 130 *Ga.* 100 (2) (60 S. E. 255).

2. In the instant case, the conditional-sale contract foreclosed had not been recorded. It appeared to have been executed on June 16, 1956, and foreclosed on August 9, 1956. The plaintiff in error's judgment was dated November 27, 1951, and was recorded on the general execution docket on October 11, 1956. Under the ruling and reasoning in *Conder* v. *Holleman & Ballard*, 71 *Ga.* 93 (1), which has been followed in numerous cases, the failure of the holder of the title-retention contract to record it affords no ground upon which the holder of a pre-existing judgment fi. fa. may assert a prior claim to the proceeds derived from the sale of the specific property covered in the title-retention contract. The vendee in the conditional-sale contract never acquired any title to the property so that the lien of the judgment fi. fa. could attach thereto, and the subsequent execution of such a contract cannot effect the enrichment of a pre-existing judgment against the vendee. No contention is made here that the property foreclosed and sold under the conditional-sale contract was not the property covered thereby.

3. Code § 19-206 requires that before any writ of certiorari shall issue the party applying for it shall produce a certificate from the officer whose decision or judgment is the subject matter of complaint, that all costs which may have accrued on the trial below have been paid. The judge of the city court properly required that the plaintiff in certiorari pay all accrued costs, and his refusal to sign the required certificate until all such costs had been paid did not constitute reversible error. *Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED FEBRUARY 12, 1959.

*D. Lee Churchwell*, for plaintiff in error.

*F. L. Clements*, contra.