39291.  DIXON v. GENERAL MOTORS ACCEPTANCE
CORPORATION *et al.*

DECIDED FEBRUARY 20, 1962.

414

*Nelson & Nelson, Carl K. Nelson, Jr.*, for plaintiff in error.
*Wm. Malcom Towson, A. Mims Wilkinson, Jr.*, contra.

FELTON, Chief Judge. ■ The plaintiff in error's first assignment of error is to the striking of his allegation of possession of the automobile in question at the time it was levied on by the sheriff. Although the retention of the automobile was the proper method of asserting the mechanic's lien under *Code Ann.* § 67-2003, the allegation of possession was irrelevant here because a mechanic's lien for repair work and material on the credit of a vendee is inferior to the vendor's contract retaining the title, regardless of who has possession of the automobile at the time of the levy. *Baughman Automobile Co. v. Emanuel*, 137 Ga. 354 (73 SE 511). This is true whether the conditional sale contract is recorded (*Norman v. Farmers State Bank*, 90 Ga. App. 763, 84 SE2d 207), or unrecorded (*Associates Discount Corp. v. Willard*, 99 Ga. App. 116 (2), 108 SE2d 110). The mechanic's remedy, as provided by *Code* § 39-201, is to pay the vendor the balance of the purchase price of the property due by the vendee, then subject the property to a mechanic's lien for labor and material furnished, as the vendee's property. *Baughman Automobile Co. v. Emanuel*, supra, at p. 354 (a).

■ The plaintiff in error seeks to challenge the validity of the chattel mortgage foreclosure of G. M. A. C. under which the sheriff levied on the automobile. An intervenor takes the case as he finds it. *Love v. Goodson,* 150 Ga. 46 (1) (102 S. E. 429). The foreclosure here is governed by the law which applies to chattel mortgage foreclosures. *Code* § 67-1601. In *Emerson v. Knight,* 130 Ga. 100 (2) (60 SE 255), it was stated: "The mortgage having been foreclosed and a fi. fa. issued upon the judgment of foreclosure, neither the judgment of foreclosure nor the fi. fa. was void because of mere irregularities in the foreclosure proceedings, nor because of defects therein which could have been amended had they been attacked by a timely special demurrer." This court has held that after the foreclosure by the vendor of a title-retention contract, the holder of a pre-existing judgment fi. fa., asserting priority, as against the vendor, to money brought in on the foreclosure and sale of the property, is estopped on the trial of a money rule brought against a sheriff by the vendor to assert the invalidity of or irregularity in the foreclosure proceedings. "This is true because to assert a claim to the funds in the hands of the sheriff and at the same time to attack the validity of the proceedings by which the funds were brought into court is inconsistent. . . The funds being in the hands of the sheriff, and there appearing to have been no objection by the vendee as to the regularity of the proceedings, it was immaterial, insofar as a third party claimant thereto was concerned, how the sheriff acquired them." *Palmer Tire Co. v. Maxwell &c. Co.,* 99 Ga. App. 87 (1) (107 SE2d 695), and cases cited. The plaintiff in error cites several cases which hold that a claimant can attack a fi. fa. upon any ground that could then be urged by the defendant-in-fi. fa. See *Oliver v. Parramore,* 66 Ga. App. 584, 585 (4) (18 SE2d 562); *Potts v. Reconstruction Finance Corp.,* 76 Ga. App. 796 (5) (47 SE2d 178); *Romar Acceptance Corp. v. Parham,* 213 Ga. 223 (1) (98 SE2d 615). Upon examination of these cases, it appears that "claimant" refers to one who is actually claiming the property being levied upon, whereas in the instant case the plaintiff in error is merely claiming the proceeds of the sale and is therefore not a "claimant" within the meaning of the cases cited.

The plaintiff in error's final assignment of error is to the denial of a jury trial on his intervention-claim by the court. This being a money rule case, which involved only questions of law, the judge had the power to dispose of the case without submitting it to the jury or causing them to render a verdict. *Durden v. Belt,* 61 Ga. 545; *Bryan v. Madison Supply Co.,* 135 Ga. 171, 172 (5) (68 SE 1106). Since all of the plaintiff in error's exceptions are without merit, the court did not err in its judgment making the rule absolute.

*Judgments affirmed. Bell and Hall, JJ., concur.*