## 60493. TURNER v. JACKSON.

BIRDSONG, Judge.

Trover. In September, 1978, Jackson delivered his personal automobile to Turner in order for Turner to rebuild the motor and otherwise put the car in good running condition. Turner completed the repairs and prepared a bill for repairs of $612.21. However, apparently the carburetor was either damaged or not working properly and Turner could not repair the carburetor. Turner delivered possession of the car to Jackson and suggested that Jackson take the car to another repairman who could complete the work. Jackson and Turner entered into an agreement that Jackson would pour certain concrete in an aviation hanger owned by Turner. The cost of the cement work apparently was about $1,600 for Turner agreed to off-set the $612.21 repair bill against the cement work and to pay Jackson an additional $1,000. However, Jackson had earlier given Turner a $600 check which was not fully negotiable. Whether

this was in the form of an I. O. U. or intended payment is disputed. In any event Jackson sent a helper to start the cement work. However, disagreement developed between the two and Turner informed Jackson not to pursue the cement work. Turner negotiated the check which was returned because of improper maker signatures (only one of two required was on the check).

Jackson had delivered his car to a mechanic across the street from Turner's garage for completion of the carburetor work. After the dispute and returned check, Turner obtained the permission of the second mechanic to regain possession of the car, because Jackson owed money to Turner for the initial repairs in the amount of $612.21. Subsequently Turner refused to return possession of the car to Jackson unless Jackson paid the repair bill. Jackson brought suit against Turner for breach of contract in refusing to accept or allow the cement work, seeking damages of $1,000, and rental costs for the auto and punitive damages. Turner answered denying breach of the contract by himself and counterclaimed on the ground that Jackson had breached the contract. Turner sought damages for the repair bill, damage to his aviation building, and a lien on the automobile. At an unrecorded bench trial, on October 23, 1979, the trial court returned a verdict for Jackson in the amount of $1,180 in general damages and $1,000 punitive damages. Turner did not satisfy that judgment pending a motion for new trial. On December 10, 1979, while the motion for new trial was pending, Jackson filed a second complaint against Turner complaining that Turner was wrongfully withholding an automobile of a value of $3,000 and sought judgment against Turner for conversion in the amount of $3,000. Turner filed an answer to this second complaint. Apparently with the consent of both parties, the trial court consolidated the contract action pending motion for new trial with the trover action and on this occasion entered findings of fact and conclusions of law followed by judgment once again in favor of Jackson. The first judgment was vacated. The trial court found that Jackson had contracted to have Turner do car repair work and that Turner had agreed for Jackson to do concrete work. Jackson was found to owe Turner $612.21 for the car repair. Turner was found to owe Jackson $100 for the preliminary work on the hanger floor. The court then found that Turner released the car to Jackson without full payment for the car repairs and then wrongfully recovered possession of Jackson's car claiming a lien for work. The court found that Jackson was entitled to $900 for hire and $1,000 punitive damages for the wrongful conversion of Jackson's auto. With the $612.21 set off, the court awarded Jackson $387.99 general damages ($900 hire plus $100 for concrete work less $612.21) and $1,000 punitive damages. Turner now appeals the second judgment

of the trial court. Held:

Turner complains that the judgment of the court is against the law, the evidence and the weight of the evidence. In substance he argues that as a mechanic he obtained a continuing lien against the car and thus had a right to retain the car until the repair bill was paid. Thus he argues, there was no conversion and consequently no wrongful taking authorizing punitive damages. Moreover, he contends that the suit sounded in contract and punitive damages are not authorized in a mere breach of contract. Lastly, he argues that the second mechanic was Jackson's agent and acted for Jackson when he delivered the car to Turner.

We reject these arguments. While the suit may originally have been brought by Jackson ex contractu, the consolidated suit sounded in trover. There is no disagreement that the second mechanic was a bailee holding the car belonging to Jackson pursuant to a bailment. Code Ann. § 12-403. Code Ann. § 12-408 provides: "In all such cases, the bailee is not only bound to exercise skill in the labor and work bestowed, but it is a part of the contract that he shall exercise ordinary care and diligence in keeping and protecting the articles intrusted to him." In the reconstructed brief of evidence agreed to by both parties, there is no evidence that Jackson ever gave permission to the second mechanic to do other than to repair the carburetor and the evidence in the suit sounding in conversion belies any consent by Jackson to return the car to Turner. Therefore, we conclude that the second mechanic was not an agent acting with Jackson's approval in releasing the car back to Turner.

Ga. L. 1961, pp. 68, 86, as amended (Code Ann. § 68-423a) authorizes a lien by a mechanic for work performed upon a vehicle. That lien may be perfected in one of two ways, either by retaining possession of the vehicle until the debt is paid or by surrendering the vehicle and perfecting a lien as provided in Code Ann. § 68-421a. The evidence is clear in this case that Turner did neither. He voluntarily surrendered possession of the vehicle to Jackson prior to the settlement of the indebtedness and for all the record shows, never perfected a lien as provided in Code Ann. § 68-421a or § 68-423a. The failure to retain possession, thus statutorily perfecting his lien, or in lieu thereof failing to file a lien or to sue thereon within a year after surrendering the vehicle to the owner, resulted in Turner's right to a lien being lost. *Palin v. Cooke,* 125 Ga. 442 (54 SE 90); *Gearreld v. Woodruff,* 13 Ga. App. 450 (79 SE 355). There being no valid lien or other legal process against the car, the second mechanic had a duty to resist the taking of the car by Turner, even though Turner claimed under a color of right. *Morris Storage &c. Co. v. Wilkes,* 1 Ga. App. 751, 759 (58 SE 232). It follows that the repossession by Turner was

indeed without right and constituted a wrongful taking.

The evidence therefore supports the findings by the trial court that Turner wrongfully took and withheld the automobile from the possession of the true owner, Jackson. The award of general and punitive damages are not unreasonable and are fully supported by the evidence. We find no merit in the enumerations of error.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JANUARY 8, 1981 —

*B. J. Roberts,* for appellant.
*Christopher D. Parker,* for appellee.